United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHERN NEON OPERATIONS, LLC,

    Plaintiff,

    v.

GUILLERMO DAMIAN,

    Defendant.
_____/

No. C-11-4020 EMC

**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND GRANTING PLAINTIFF'S MOTION TO REMAND**

**(Docket Nos. 2, 11)**

Plaintiff Northern Neon Operations, LLC ("NNO") initiated this unlawful detainer action in state court. Defendant Guillermo Damian subsequently removed the case to federal court. Currently pending before this Court is Mr. Damian's application to proceed in forma pauperis and NNO's motion to remand. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Mr. Damian's application to proceed in forma pauperis but remands the case back to the state court from which it was removed for lack of subject matter jurisdiction. For the same reasons, the Court also **GRANTS** NNO's motion to remand.

**I.    DISCUSSION**

A.    <u>In Forma Pauperis</u>

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331,

1  339(1948)).  Having reviewed Mr. Damian's financial affidavit, the Court is satisfied that he has
2  demonstrated that he meets the economic eligibility requirement and, accordingly, grants his
3  application to proceed in forma pauperis.
4  B.     Subject Matter Jurisdiction
5          Although the Court grants the application, it has a *sua sponte* obligation to ensure that it has
6  subject matter jurisdiction over a case.  *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen*
7  *Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a
8  case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins.*
9  *Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case
10 sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993
11 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma*
12 *pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court
13 lacks subject matter jurisdiction").  Moreover, NNO has filed a motion to remand, asserting lack of
14 subject matter jurisdiction.
15         The Court agrees with NNO that subject matter jurisdiction is lacking.  In his notice of
16 removal, Mr. Damian asserted that there is federal question jurisdiction because NNO has violated
17 federal law, but federal question jurisdiction depends on the contents of the plaintiff's well-pleaded
18 complaint and may not be predicated on the defendant's counterclaims.  *See Holmes Group, Inc. v.*
19 *Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).  Moreover, the Court sees no basis for
20 diversity jurisdiction (as Mr. Damian suggests in his opposition to the motion to remand) because
21 diversity jurisdiction requires not only that there must be complete diversity in citizenship but also
22 that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332(a).  Here, Mr. Damian has not
23 made any showing that the damages sought by NNO would exceed that amount, and it is unlikely
24 that that would be the case given that, on the face of the complaint, NNO seeks only $51.66 in
25 damages per day as of July 12, 2011, for a total not to exceed $10,000.  *See* Compl. ¶ 11.
26         Accordingly, the Court remands the case to the state court from which it was removed.  Any
27 argument that Mr. Damian has that the foreclosure was improper should be made before the state
28 court, which has jurisdiction over the case, and not this Court.

United States District Court
For the Northern District of California

C.      Attorney's Fees and Costs

The only issue remaining is whether NNO should be awarded its attorney's fees and costs incurred as a result of the improper removal. The Court declines to award any fees or costs for the following reasons. First, although NNO has made a request for fees, *see* Mot. at 1, it has failed to provide any argument or evidence in support of that request. Second, even though the removal was objectively unreasonable, that does not mean that an award of fees or costs is required. *See* 28 U.S.C. § 1447 (providing that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (stating that, "[a]bsent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal") (emphasis added). Here, the Court concludes that, under the circumstances, fees are not appropriate, in particular, because Mr. Damian is a pro se litigant and likely unable to pay a fee award given that his home was foreclosed upon. *See Deutsche Bank Nat'l Trust Co. v. Cabalu*, No. C-10-02624 EDL, 2010 U.S. Dist. LEXIS 103585, at *9-10 (N.D. Cal. Sept. 30, 2010) (R&R) (noting that "an award of fees and costs would be appropriate because there was no objectively reasonable basis for removal of this purely state law case" but exercising discretion not to award fees given defendants' pro se status; also noting representation by one defendant that he was not employed and unable to afford any judgment), *adopted by* 2010 U.S. Dist. LEXIS 123709 (N.D. Cal. Nov. 22, 2010); *OneWest Bank, FSB v. Mohr*, No. C 10-00639 SBA, 2010 U.S. Dist. LEXIS 79535, at *9 (N.D. Cal. July 7, 2010) (noting that removal was not objectively reasonable but declining to award fees because defendants were not represented); *Szanto v. Szanto*, No. C 10-1364 RS, 2010 U.S. Dist. LEXIS 63841, at *5 (N.D. Cal. June 7, 2010) (noting that a pro se litigant's "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction is understandable"). Also, the Court cannot say that the removal was necessarily undertaken in bad faith because Mr. Damian apparently intended to assert federal law claims against NNO (*e.g.*, violation of the Truth in Lending Act). *See HSBC Bank USA, N.A. v. Tran*, No. 5:10-cv-03069-JF/PVT, 2010 U.S. Dist. LEXIS 124999, at *3-4 (N.D. Cal. Nov. 9, 2010) (stating that, "[w]hile removal is inappropriate where a complaint rests solely on state law

3

claims, in light of Tran's pro se status and an apparent intent to assert a claim under TILA, the Court declines to award fees here"). The rule that removal cannot be based on a federal defense is not intuitively obvious to a pro se litigant.

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Damian's application to proceed in forma pauperis but remands the case back to the state court from which it was removed.

The Clerk of the Court is directed to close the file in this case.

This order disposes of Docket Nos. 2 and 11.

IT IS SO ORDERED.

Dated: September 28, 2011

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN NEON OPERATIONS, LLC, | Case Number: CV11-04020 EMC |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| GUILLERMO DAMIAN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Damian Guillermo
2160 El Lago Drive
Oakley, CA 94561

Dated: September 28, 2011

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk